UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO PADILLA,<br><br>Defendant. | No. 1:06-cr-00059-JLT<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AS MOOT<br><br>(Doc. 757) |

On April 21, 2022, the Court denied Defendant Sergio Padilla's motion for compassionate release without prejudice. (Doc. 756.) Before the Court is Padilla's motion for reconsideration. (Doc. 757.) The government has opposed the motion, and Padilla filed a reply. (Docs. 759, 762.) For the reasons explained below, Padilla's motion is **DENIED** as **MOOT**.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984).

At the time of his motion for reconsideration, Padilla was serving his sentence at CI North Lake with a scheduled release date of February 27, 2023. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited February 16, 2023). However, Padilla was

released on February 15, 2023.  *Id*.  When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide.  *United States v. Sanchez*, No. 16-CR-2077-BEN, 2021 WL 5999764, at *1 (S.D. Cal. Dec. 17, 2021).

      Even still, the Court clarifies for the record that Padilla's motion lacked merit.[1]  Applicable to his motion for reconsideration, Padilla served a 240-month sentence for Conspiracy to Distribute and to Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846—Count One—and Conspiracy to Conduct Financial Transactions Involving the Proceeds of Specified Unlawful Activity and Aiding and Abetting, in violation of 18 U.S.C. §§ 1965(a)(1)(B)(i), 1956(h), 1957, and 2—Count Four.  (Doc. 516.)  Padilla originally requested compassionate release on the grounds that the 2018 First Step Act reduced the 240-month mandatory minimum applicable to Count One and changed the type of drug conviction that triggered a sentencing enhancement.  (*See* Doc. 756 at 7.)  As the Court noted in its prior order, if Padilla were sentenced today for his conduct, he would be subject to only a 10-year mandatory minimum for Count One.  (Doc. 756 at 8.)  The Court noted that the 10-year difference between the previously applicable mandatory minimum and the current mandatory minimum might qualify as an extraordinary and compelling reason for release.  However, Padilla's prior motion was denied without prejudice because his briefing failed to address whether his sentence for Count Four would be reduced as a result of the 2018 FSA or other applicable changes in the law.

      Padilla's motion for reconsideration explains that his sentence for Count Four is "tied" to his sentence for Count One in that "the base offense level for money laundering [is] dependent on and derived from the total offense level for the drug trafficking count as required by U.S.S.G. § 2S1.1(a)(1)."  (Doc. 757 at 2.)  Additional briefing from the government made clear, crucially, that applying the FSA's changes would have no impact on Padilla's sentence on either count because the FSA did not lower Padilla's guidelines range.  Though the 2018 FSA did lower the *mandatory minimum* applicable to Padilla's conduct, the drug quantity attributable to Padilla still placed his

---

[1] The applicable background and legal standards are set forth in the prior order denying Padilla's motion for compassionate release and need not be recreated in full here.  (*See* Doc. 756 at 2–4.)

*guideline range* at 210–262 months.² In other words, the drug quantity-influenced guidelines range— not the mandatory minimum—was the determining factor in Padilla's sentence, and it was not altered by the FSA. Because Padilla's sentence of 240 months falls within his guidelines range, there was no "disparity" to constitute extraordinary and compelling circumstances. *See United States v. Gomez,* No. CR 05-00300 JMS (01), 2021 WL 1240621, at *6 (D. Haw. Apr. 2, 2021), *aff'd*, No. 21-10113, 2022 WL 543080 (9th Cir. Feb. 23, 2022) (a reduction in the mandatory minimum may be irrelevant where the imposed sentence remains close to the applicable Guidelines range).

Though Padilla's rehabilitation remains remarkable and deserves proper recognition, rehabilitation alone cannot justify relief under § 3582. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, cmt. n.3.

## CONCLUSION

For the reasons discussed above, Padilla's motion for compassionate release/reconsideration (Doc. 756) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 17, 2023**

UNITED STATES DISTRICT JUDGE

---

² As noted in the government's opposition, Padilla's offense level was based on more than 150 kilograms of cocaine involved in his offense, as well as his leadership role in the conspiracy. (Doc. 759 at 4–5; *see also* Presentence Report ("PSR") at 10–12; Docs. 710, 711.)